JOHN R. PIKE, Executive Director, Wisconsin Investment Board
You have requested my opinion whether the Investment Board has legal authority to preclude members of the general public from inspecting or copying any portion or minutes of the board relating to the investment of state funds and every document
relating to such investments.
It is my opinion that the board is without such power. The board acting through its custodian can only deny inspection and copying on a case-by-case basis as hereinafter discussed. *Page 362 
By reason of secs. 25.156, 25.16, 25.17, 25.18, 889.08 (2), Stats., you are the legal custodian of such records except as may be otherwise provided by special statute. See secs. 14.58 (13), (17), (18), 25.17 (7) (b), 41.17, 41.18 (2), Stats.
I find nothing in secs. 14.58, 15.07, 15.76, 16.40, 25.14-25.40,41.17, 41.18, 210.05, Stats., or other statutes referred to in sec. 15.761, Stats., (with the possible exception of sec.71.20 (4) by reason of sec. 71.11 (44)) which would indicate a legislative intent or statutory basis for exempting the records of the Investment Board from general inspection and copying statutes.
It is also notes that secs. 16.40 (12), (13), 16.41, 16.42, Stats., require the director to furnish the Secretary of the Department of Administration with such reports of investments as he may require and grants the secretary free access to all financial accounts of every state department, that sec. 25.17
(51), Stats., requires the director to have the records and accounts of the board audited at least annually by the Legislative Audit Bureau and that sec. 25.17 (52), Stats., requires maintenance of certain records for reporting to the Department of Administration. Insofar as certain of the documents of investments are in the custody of the State Treasurer, sec19.25, Stats., is indirectly in point as to access to these records by certain state officers.
The minutes of the board and all papers and documents relating to the investment of state funds, which are in your possession "or to the possession or control of which" you "may be lawfully entitled, as such" officer, are public records within the meaning of secs. 16.80 (2) (a), 19.21 (1), Stats.
As public records they are subject to inspection and copying by any person using proper care during office hours subject to reasonable regulations as the custodian may provide. Sec. 19.21
(2), Stats. If demand for inspection and copying is made at reasonable time and place, the custodian can only withhold inspection if he determines that the public interest in withholding inspection exceeds the public interest, expressed in statute, in permitting inspection. Specific reasons must be given when inspection is withheld and the person seeking the same can then resort to court action to test the sufficiency of such reasons. Statements that the records are "confidential" or that permitting *Page 363 
inspection would be "contrary to the public" interest are merely legal conclusions and are not a substitute for specific reasons which must be given in each case.
 State ex rel. Youmans v. Owens (1965), 28 Wis.2d 672, 137 N.W.2d 470;
 Beckon v. Emery (1967), 36 Wis.2d 510, 153 N.W.2d 501;
58 OAG 67 (1969);
 60 OAG 9 (1971), dated January 21, 1971, to District Attorney, Dane County;
 60 OAG 43 (1971), dated January 26, 1971, to Chairman, Department of Industry, Labor and Human Relations;
 60 OAG 285 (1971), dated August 10, 1971, to Secretary, Department of Natural Resources;
 60 OAG 470 (1971), dated December 31, 1971, to Secretary, Department of Transportation.
In Youmans the court stated that sec. 19.21, Stats., will be construed in pari materia with sec. 66.77, Stats., and that the policy guidelines for holding closed meetings set forth in sec. 66.77 (3), Stats., will be applicable to the question of confidentiality of records under sec. 19.21, Stats.
I am enclosing copies of the opinions to the Secretary of the Department of Natural Resources and the Secretary of the Department of Transportation referred to above in which the exceptions listed in sec. 66.77 (3), Stats., and certain other common law exceptions are discussed.
As a state administrative agency, the State Investment Board has only such powers as are expressly granted by statute or necessarily implied and its administrative rules must be in accord with statutory policy.
 American Brass Co. v. State Board of Health (1944), 245 Wis. 440, 15 N.W.2d 27;
 Josam Mfg. Co. v. State Board of Health (1965), 26 Wis.2d 587, 133 N.W.2d 301. *Page 364 
Any overall rule or policy barring any inspection or copying would, in my opinion, be void.
Without question, portions of the board's meetings should be conducted in executive session, and certain documents relating to investments should on a case-by-case basis, be withheld from inspection. Subsections (d), (e) and (f) of sec. 66.77 (3), Stats., may form the basis for closed sessions or withholding inspection depending upon the circumstances. Subsection (d) provides:
"(d) Deliberating or negotiating on the purchasing of public property, the investing of public funds, or conducting other public business which for competitive or bargaining reasons require closed sessions;"
Time may be an important element to consider. With respect to investments there are at least three time periods involved — theperiod of acquisition, which would involve research, deliberating, negotiating and purchasing, the period ofretention, and the period of disposal, which again would involve research, deliberating, negotiating and sale.
Justification for closing of files on an investment, after acquisition and during the period of retention, may be difficult to establish. It would be even more difficult to justify closing of files after disposal. Generally speaking, however, where there may be grounds for maintaining closed files at a time which is critical in the deliberating and negotiation stages, those grounds become weakened by the passage of time.
You state that the board purchases investment advisory services from a firm which requests that the information be kept confidential and that certain information as to loan applications, appraisals, loan balances, payments and interest rates are customarily regarded as confidential in the investment industry.
In the opinion to the Secretary of the Department of Natural Resources, dated August 10, 1071, [1971] referred to above, which is concerned with limitations on the right to inspect public records and includes a section on records received under a pledge of confidentiality, it is stated: *Page 365 
"I would suggest that the following criteria be considered, however, in deciding whether a particular pledge of confidentiality comes within the exception, and will, therefore, hold up in court. First, there must have been a clear pledge made. Second, the pledge should have been made in order to obtain the information. Third, the pledge must have been necessary to obtain the information.
"Finally, even if a pledge of confidentiality fulfills these criteria, thus making the record containing the information obtained clearly within the exception, the custodian must still make an additional determination in each instance that the harm to the public interest that would result from permitting inspection outweighs the great public interest in full inspection of public records. * * *"
You should consider the above guide lines in making your initial determination whether inspection should be withheld, to honor a pledge of confidentiality which may have been extended, or to maintain a posture which would enhance the ability of the board to profitably compete for investment opportunities and to maintain a secure investment portfolio.
Where the custodian denies inspection, giving specific reasons, the person seeking inspection can resort to court action in an attempt to compel inspection. Where such recourse is made it is for the court to determine whether the reasons given are sufficient in the specific case to require withholding of inspection in the interests of the public.
RWW:RJV